UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY S. KUEST,<br><br>    Petitioner,<br><br>  v.<br><br>CITIGROUP GLOBAL MARKETS, INC.,<br><br>    Respondent. | CASE NO.  C06-1342RSM<br><br>ORDER DENYING MOTION TO VACATE ARBITRATION AWARD |

## I.  INTRODUCTION

This matter comes before the Court on petitioner's Petition/Motion to Vacate Arbitration Award of the National Association of Securities Dealers ("NASD").  (Dkt. #1).  Petitioner argues that the award granted by the NASD in favor of respondent is irrational, and exhibits a manifest disregard of the law.

Respondent argues that petitioner may not simply relitigate his claim in this Court, and that he otherwise fails to meet any of the standards for vacating an arbitration award set forth under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq* ("FAA").  (Dkt. #4).

For the reasons set forth below, the Court agrees with respondent, DENIES petitioner's motion, and DISMISSES this action.

ORDER
PAGE – 1

## II. DISCUSSION

### A. Background

Plaintiff was formerly employed as a financial consultant with respondent in its Bellevue, WA office. When plaintiff began his employment, he apparently negotiated and received an upfront loan, which was to be repaid under the terms of a Promissory Note for that loan, with portions to be forgiven over time. Plaintiff subsequently ended his employment with respondent, but did not repay the outstanding portion of the loan as required.

In September 2005, respondent filed a claim with the NASD against plaintiff for breach of contract. Plaintiff then filed several counterclaims. The parties' claims were heard on August 14-15, 2006, before a three-person NASD panel. After the panel considered all of the arguments, testimony and evidence presented during those two days, it concluded that plaintiff was liable for breach of contract and entered an award in respondent's favor. This action followed.

### B. Vacating Arbitration Awards

The FAA provides that a federal court may vacate an arbitration award (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10. In addition, the Court may vacate an award if it is irrational or exhibits a manifest disregard of the law. *Coutee v. Barington Capital Group, LP*, 336 F.3d 1128, 1133 (9th Cir. 2003) ("We may vacate an arbitration award '*only* if that award is completely irrational, exhibits a manifest disregard of law, or otherwise falls within one of the grounds set forth in [the FAA]." (citation omitted) (emphasis in original). In the

ORDER
PAGE – 2

1  Ninth Circuit, manifest disregard of the facts is not an independent basis for vacatur. *Id.*

2  In the instant action, although petitioner fails to specifically discuss the enumerated bases
3  for vacatur set forth in the FAA, he does allege four grounds on which this Court should vacate
4  the NASD award, including: (1) the arbitration award was procured by corruption, fraud and
5  undue means; (2) the arbitration award is based on an invalid promissory note; (3) the arbitration
6  award was based on a manifest disregard for the law; and (4) NASD is a quasi-government
7  agency. The Court now turns to these arguments.

8  Petitioner first argues that the arbitration award was procured by corruption, fraud and
9  undue means. Specifically, petitioner alleges that respondent initiated an arbitration proceeding
10 based on a fraudulent Promissory Note. Petitioner then goes on to complain about a litany of
11 documents introduced during arbitration and the testimony of respondent's witnesses, asserting
12 without basis that respondent withheld evidence and one of its witnesses perjured himself.
13 Petitioner also complains that some evidence was admitted in violation of the Federal Rules of
14 Civil Procedure.

15 It is well-settled that a federal court does not have the authority to reweigh the evidence
16 presented during arbitration. *Coutee*, 336 F.3d at 1134; *Pacific Reinsurance Mgmt. Corp. v.*
17 *Ohio Reinsurance Corp.*, 935 F.2d 1019, 1026 (9th Cir. 1991). Yet that is exactly what
18 petitioner asks the Court to do in this case. Petitioner complains that the panel improperly
19 considered the Promissory Note at issue because it had been fraudulently sworn by respondent's
20 notary. That fact is not, and was not, disputed. Indeed, during arbitration, respondent
21 stipulated to the fact that its Notary Public, Vicki L. Clark, lied when she swore that she
22 witnessed petitioner sign the Promissory Note at issue on February 27, 2004. However,
23 petitioner fails to acknowledge that he actually admitted to signing the promissory note, albeit
24 not in the presence of the notary. (Dkt. #4, Dec. of Brian Free, Ex. H).

25
26 ORDER
   PAGE – 3

Petitioner then complains that the panel improperly admitted into evidence the letter in which he admits signing the promissory note, which violated the Federal Rules of Evidence.[1] However, the NASD Code of Arbitration Procedure provides: "The arbitrators shall determine the materiality and relevance of any evidence proffered and shall not be bound by rules governing admissibility of evidence." NASD Code of Arbitration Procedure 10323; *see Harvey Aluminum, Inc. v. Steelworkers*, 263 F. Supp. 488, 490-91 (C.D. Cal. 1967) (explaining that the rules of evidence applied in court proceedings do not prevail in arbitration hearings). Although petitioner argues that the NASD is a quasi-government agency, and therefore, it should apply the Federal Rules of Evidence to his arbitration proceeding, petitioner fails to provide any authority for such action. Petitioner also fails to provide any authority for the proposition that a breach of the Federal Rules of Evidence constitutes manifest disregard for the law.

Finally, petitioner also complains, without citing to any place in the record, that Panel Chair, retired judge Yancey Reser, improperly decided four months before the arbitration hearing that petitioner had signed the promissory note. Because petitioner has failed to provide any evidence in support of that argument, the Court will not consider it.

After examining more than 50 exhibits and hearing from eight witnesses, the arbitration panel determined that petitioner had entered into a promissory note with respondent and that he had breached the terms of that note. Now, based on little more than his own self-serving statements, petitioner would have this Court reexamine the merits of that determination and invalidate the promissory note. On this record, the Court cannot so act. Petitioner has simply failed to cite to a single case or other authority mandating vacatur. Petitioner cannot show that the arbitration panel disregarded the law, or otherwise acted improperly, in concluding that

---

[1] Although petitioner cites to Federal Rule of Civil Procedure "Rule 408," no such rule exists, and the Court presumes that petitioner intended reference to the Federal Rules of Evidence.

ORDER
PAGE – 4

1  petitioner signed and breached the promissory note at issue.  Nor can petitioner show that the

2  award is statutorily defective in any other way.  Accordingly, the Court denies petitioner's

3  motion.

### III.  CONCLUSION

Having reviewed petitioner's motion, respondent's opposition, petitioner's reply, and the remainder of the record, the Court hereby ORDERS:

(1)  Petitioner's Motion to Vacate Arbitration Award (Dkt. #1) is DENIED.

(2)  This case is now CLOSED.

(3)  The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 14 day of November 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 5